UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL BRASIL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 3:22-cv-03560-JD<br><br>**ORDER RE MOTION TO DISMISS AND STRIKE** |

Defendant City of San Jose asks to dismiss plaintiffs' claims against it under Federal Rule of Civil Procedure 12(b)(6), and to strike under Rule 12(f) references to respondeat superior liability in the California state law claims. *See* Dkt. No. 1 (complaint); Dkt. No. 15 (motion). The parties' familiarity with the record is assumed, and the *Monell* claim is dismissed with leave to amend. The Court declines to take up the state law claims until a federal claim is plausibly alleged against San Jose. The hearing set for November 3, 2022, is vacated.

## BACKGROUND

As alleged in the complaint, plaintiffs Raquel Brasil and Mario Hernandez were attacked by defendants George Brown and Erik Brunner in what is portrayed as a road rage incident in July 2021 on Interstate 280. Dkt. No. 1 ¶¶ 1-4. Brown was a police officer with the San Jose Police Department who was off duty at the time of the incident. *Id.* ¶ 24. Brown is said to have become "enraged" at Hernandez, who was driving with his wife Brasil and their three children. *Id.* ¶¶ 20, 22. Plaintiffs say that Brown engaged in reckless driving, nearly colliding with Hernandez's car, and that Brasil threw a plastic bottle at Brown's car. *Id.* ¶¶ 25-36. Brown and Hernandez pulled off the highway, and Brown "put in a call to dispatch requesting 'code 3' assistance -- asking for San Jose Police patrol units to respond to his location." *Id.* ¶ 43. Hernandez and Brasil got out of

their car, as did Brown and Brunner. *Id.* ¶¶ 45, 48. Brown said he was an officer with the San Jose Police Department, and "punched Raquel [Brasil] in the head." *Id.* ¶ 49. He punched Brasil again and turned to Hernandez, who was fighting with Brunner. *Id.* ¶¶ 50-55. Brown punched Hernandez in the head and "attempted to put him in a front-facing headlock." *Id.* ¶ 56. At some point, after other drivers stopped to intervene, Hernandez and Brasil were able to drive away. *Id.* ¶¶ 58, 61, 62. Brown "walk[ed] toward the vehicle and shout[ed] to them, with his arms outstretched, 'Oh, you're gonna run off? You're gonna run off?'" *Id.* ¶ 62. After an investigation by the California Highway Patrol, Brown was charged with felony assault under color of authority, misdemeanor battery, and misdemeanor child endangerment. *Id.* ¶ 72.

## DISCUSSION

The Court has detailed the standards for a Rule 12(b)(6) motion in other orders and incorporates them here. *See Escobar-Lopez v. City of Daly City*, 527 F. Supp. 3d 1123, 1127 (N.D. Cal. 2021). Under those standards, the complaint does not state a Section 1983 *Monell* claim against San Jose.

Municipal liability requires nonconclusory allegations of a pattern or practice of conduct evincing deliberate indifference to a plaintiff's constitutional rights. *See id.* at 1128-29 (and cases cited therein). The complaint does not plausibly allege a pattern or practice here. The list of other incidents involving the San Jose Police Department, Dkt. No. 1 ¶ 88, are not tied in a meaningful way to the events involving plaintiffs, and do not provide a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," which Section 1983 requires. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (en banc) (internal quotation and citation omitted). These incidents would not have put San Jose on notice of relevant misconduct by its off-duty police officers, or support a showing of deliberate indifference in failing to adequately investigate or discipline officers. *See Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141-43 (9th Cir. 2020).

The failure to train allegation is equally unavailing. "A 'municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'" *Escobar-Lopez*, 527 F. Supp. 3d at 1129 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). The

failure to train must amount to "deliberate indifference" to a plaintiff's rights as demonstrated by a pattern of similar violations by untrained employees.  *Id.*  The complaint presents no such facts.

## CONCLUSION

Leave to amend the claims against San Jose is granted, and plaintiffs may file an amended complaint by November 28, 2022.  The amended complaint must be consistent with this order and may not add any new claims or parties without the Court's prior approval.  Failure to amend the complaint by the deadline will result in dismissal with prejudice of the pertinent claims under Rule 41(b).

**IT IS SO ORDERED.**

Dated:  October 26, 2022

JAMES DONATO
United States District Judge